# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALIREZA BAKHTIARI, | : | |
| Plaintiff | : | No. 1:17-CV-00016 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| STEVEN SPAULDING, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW,** this 27th day of June 2017, in accordance with the accompanying Memorandum, **IT IS ORDERED THAT**:

1. Plaintiff's motions for leave to proceed in forma pauperis (Doc. Nos. 2, 6), construed as a request to proceed without full prepayment of the filing fee, are **GRANTED**;

2. Plaintiff's motion for extension of time to file in forma pauperis material (Doc. No. 9), is **DENIED AS MOOT**;

3. Plaintiff's complaint (Doc. No. 1), is **DISMISSED IN PART** pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2);

4. The following claims and/or Defendants are **DISMISSED WITH PRJEUDICE**:

    a. Plaintiff's FOIA claim against Defendants Tafleski, Qureishi, and Spaulding (Count 1);

    b. Plaintiff's FTCA claims against Defendants Steven Spaulding, Reedy, Hause, Lilian Galloza, Martin, Maize, Felton, Slokom, Bittenebender, Lozano, John Does 1-4, Justin Blewitt, G. Theil, Joanne Hoffman, Kate Mershimer, Michael Consiglio, Michael Tafleski, and Sarah Qureishi (Counts 2-7);

    c. Plaintiff's Bivens' claims against Defendants John Does 1-4, Bittenbender, Brewagoner, Hause, Lozano, Trithol, Spaulding, Reedy, Martin, Tafleski,

1

Slokum, Galloza, Maize, Felton, Blewitt, Theil, Hoffman, Mershimer, and Consiglio in their official capacities (Counts 11-19);

    d. Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Bittenbender, Tafleski, Brewagoner and Maize in their individual capacities (Count 11); and

    e. Plaintiff's First Amendment and Fifth Amendment access-to-the-court claims (Counts 16-17);

5. The following claims are **DISMISSED WITHOUT PRJEUDICE** and **WITH LEAVE TO AMEND**:

    a. Plaintiff's FOIA claim against the proper institutional defendant (Count 1);

    b. Plaintiff's FTCA civil conspiracy claim against the United States (Count 3);

    c. Plaintiff's claims of conspiracy under 42 U.S.C. § 1985(2), § 1985(3), and § 1986 against the particular Defendants that are alleged to have conspired against Plaintiff (Counts 8-10);

    d. Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Trithol and Lozano in their individual capacities with regard to their alleged refusal to contact health services and obtain written requests for Plaintiff's medicine (Count 11);

    e. Plaintiff's Eighth Amendment failure to protect claim against Defendants Felton, Martin, Reedy, Maize, Galoza, and Brewagoner in their individual capacities with regard to these Defendants' failure to protect Plaintiff from his cell-mate (Count 13);

    f. Plaintiff's First Amendment retaliation claim against Defendants Bittenbender, Brewagoner, Hause, Lozano, Trithol, Spaulding, Reedy, Martin, Tafleski, Slokum, Galloza, Maize, and Felton in their individual capacities (Count 15); and

      g. Plaintiff's Fifth Amendment due process claim against Defendant Bittenbender (Count 19);

6. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Order. If Plaintiff elects to file an amended complaint, Plaintiff is advised to adhere to the standards set forth in the Federal Rules of Civil Procedure and the directives set forth by this Court in its accompanying Memorandum. Specifically, the amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the original complaint, "Declaration of Facts by Plaintiff," or any other documents already filed. The amended complaint should set forth Plaintiff's claims in short, concise and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. The amended complaint should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts which Plaintiff claims violated his rights. Mere conclusory allegations will not set forth cognizable claims. Importantly, should Plaintiff elect to file an amended complaint, he must re-plead every cause of action in the amended complaint that the Court found to be adequately pled in the current complaint because the amended complaint will supersede the original complaint.[1] See Knight v. Wapinsky, No. 12-CV-2023, 2013 WL 786339, at *3 (M.D. Pa. March. 1, 2013) (stating that an amended complaint supersedes the original complaint). Because an amended complaint supersedes the original pleading, all causes of action alleged in the original complaint which are not alleged in an amended complaint are waived. Id. (citations omitted); and

7. The Court will defer service of the complaint for thirty (30) days. If Plaintiff files an amended complaint, it will supersede the original complaint as set forth above. If Plaintiff fails to file an amended complaint within thirty (30) days of the date hereof, the Court will direct service of the original complaint on the remaining Defendants.

                                            s/Yvette Kane
                                            Yvette Kane, District Judge
                                            United States District Court
                                            Middle District of Pennsylvania

---

[1] Plaintiff is encouraged to refer to the list of claims that have survived the Court's screening review set forth on page 36 of the corresponding Memorandum.